L. T. GRANTHAM ET AL. v. EARL S. SLOAN ET AL.

(Filed 4 October, 1922.)

**Injunction—Equity—Incompleted Ground Shown for Relief.**

> Where a sale under the power of a first mortgage or deed of trust is sought to be enjoined by the first mortgagor upon the ground that the first mortgagee had agreed to bid in the land to be sold by his trustee, then lease it for a year to the second mortgagor, a purchaser from the first mortgagor, and give the first mortgagor a certain option of purchase, etc.: *Held,* the carrying out of the alleged plan necessitates the sale by the trustee in the first mortgage which is sought to be enjoined in the instant suit, and there being no present equity of the plaintiff shown in accordance with the contract he has set out, it was error to continue the preliminary restraining order to the final hearing.

APPEAL by defendants from *Cranmer, J.,* at chambers, 2 March, 1922, from CRAVEN.

Civil action to restrain the sale of land under a deed of trust.

From an order continuing the injunction to the final hearing, the defendants appealed.

*Moore & Dunn for plaintiffs.*
*Charles L. Abernethy and Guion & Guion for defendants.*

STACY, J. The following statement of the case will suffice for our present decision:

On 12 November, 1919, the plaintiffs purchased a valuable farm from Dr. Earl S. Sloan and wife, giving their notes for a part of the purchase price, and to secure payment of same, executed a deed of trust on the property, with the usual power of sale in case of default. The plaintiffs then sold and conveyed the farm to one C. H. Stocks, taking his notes, secured by a second deed of trust on the property, for a part of the purchase price, and the said Stocks agreed to assume payment of the notes given by plaintiffs to Dr. Sloan. Plaintiffs then hypothecated Stocks' notes with the Peoples Bank of New Bern.

Default having been made in the payment of the notes held by Dr. Sloan, both by the plaintiffs, who made them, and the defendant Stocks, who assumed their payment, the trustee was directed to foreclose the first deed of trust, and to this end the property was duly advertised for sale.

During the period of advertisement, and before the date of sale, it is alleged an agreement was entered into by all the interested parties, whereby the plaintiffs, with the consent of the Peoples Bank, agreed to release Stocks from his original obligation; Dr. Sloan was to bid in the property at the sale, lease it to Stocks for the year 1922, and then give the plaintiffs an option at $1,000 more than the principal amount of their present indebtedness, allowing them six years within which to pay for the property in full. When this was done, "the plaintiffs were to be relieved of all obligations by virtue of the notes held by Earl S. Sloan and secured by the first deed of trust, as above recited."

Pursuant to this understanding and agreement, it is alleged the plaintiffs, the defendant Stocks, and the Peoples Bank executed the said contract (though the record does not show that it was signed by any one), and the defendant Earl S. Sloan, in breach of his agreement, failed and still refuses to execute either the option or the lease. Whereupon, this suit was instituted to enjoin the sale, as advertised under the original deed of trust, and to recover damages for alleged breach of contract in

failing and refusing to execute the option and the lease as aforesaid.
From the order continuing the injunction to the final hearing, the defendants appealed.

Upon these, the facts chiefly relevant, we think the restraining order should have been dissolved, as the plaintiffs apparently have failed to make out a case calling for any equitable relief. It seems that the negotiations had between the parties were not fully consummated. True, it is alleged that the plaintiffs have released Stocks from his original obligation, but this is negatived by the contract itself, copy of which appears in the record, and by the fact that said notes are still held by the Peoples Bank as collateral security. Furthermore, the option, which it is alleged the defendant was to sign, contemplated a sale of the property by the trustee, as witness the attestation clause: "In testimony whereof, the said parties of the first part have hereunto set their hands and seals, and this option shall operate and take effect from and after the sale of said land, under the deed of trust heretofore executed by Grantham and Murray to said T. A. Uzzell, trustee, and is conditioned on the purchase of said land at such sale by the said Earl S. Sloan, of the first part."

Even if the defendant Sloan did orally agree to execute this option, its validity and binding force was conditioned upon his purchasing the land at the trustee's sale; and hence it appears that no action would lie until default after this had occurred. Should he fail to make such purchase, the plaintiffs would be in no position to insist upon the terms of the option, according to the express provisions of the alleged agreement.

Error.